818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PATTERSON C., by his legal guardian for educational
purposes, David F. Chavkin, Plaintiff--Appellant,
v.
BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, MARYLAND,
Defendant--Appellee.
 No. 86-2638.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1987.
Decided May 7, 1987.
 
 Before WINTER, Chief Judge, WILKINSON, Circuit Judge, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 Bruce Kapsack; Wayne T. Ault, Third-Year Law Students (Jonathan Shapiro, Director Institutionalized Persons Clinic, Washington College of Law, on brief), for appellant.
 Andrew Wayne Nussbaum (Paul M. Nussbaum; Reichelt, Nussbaum, Brown, Dukes & LaPlaca, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Patterson C., termed by the district court "a mentally retarded, emotionally disturbed teenager, " previously attended public school in Prince George's County, Maryland. He had a record of inappropriate sexual behaviour, including sexual assaults on other students. In February of 1985, he was committed to a shelter, the GUIDE shelter. Starting in May, after Patterson was evaluated at the Johns Hopkins hospital, the County began contacting residential schools, hoping that one of them would accept him. He was rejected by nine of the thirteen schools contacted; finally, he was accepted by the National Children's Center in Washington, D.C. He was accepted in October and enrolled in December. He now contends that the ten month interval from February to December, during which he did not receive a free appropriate public education, was a denial of his rights under Maryland law and under federal law, specifically the Education for All Handicapped Children Act, 20 U.S.C. Sec. 1401, et seq. We disagree with this contention and affirm the decision of the district court.
 
 I.
 
 2
 Maryland law sets a timetable for the establishment of an Individualized Education Program (IEP) for each handicapped student and for the placement of each student in a program as prescribed by his or her IEP. During the ten month interval, Patterson's court-appointed guardian obtained a hearing before a hearing officer of the Board, arguing that the delay violated state law. The hearing officer found that the timetable had been violated, but the Maryland State Department of Education Hearing Review Board reversed.
 
 
 3
 Patterson challenged this decision in federal district court. He sought an injunction to require the County to provide an appropriate special education and $100 per day in damages for each day he was denied an education. The County argued that the claims were moot because Patterson was by then enrolled at the National Children's Center. The County also argued that it acted lawfully. The district court rejected the County's mootness argument but agreed with the County's argument that it had acted lawfully. The County has not contended on appeal that Patterson's claims are moot.
 
 II.
 
 4
 Maryland law requires the County to develop an IEP for a student within thirty days after the "placement decision" and to carry out the IEP within thirty days after that. In Patterson's view, the "placement decision" that started the thirty-day period was the decision to place Patterson in a private school, so the state timetable was violated in this case.
 
 
 5
 Federal law, however, requires that the County prepare the IEP in consultation with a representative of the private school. 34 CFR Sec. 300.347(a)(2). Obviously, the County could not do so until it located a school that would accept Patterson.
 
 
 6
 Patterson argues that the federal regulation does not excuse the County's failure to comply with the thirty-day period, as that would allow school boards to forever delay carrying out an IEP. The district court properly determined, on the contrary, that no "placement decision" could be made until a school was identified, so the thirty-day period was not exceeded. The district court also found that the County acted in good faith in trying to find a private school as soon as possible for this problematic student.
 
 
 7
 For the reasons given in the opinion of the district court, its decision is hereby
 
 
 8
 AFFIRMED.